Mayham, J.
The relator in this proceeding asks that a writ of certiorari issue to review the determination of the comptroller in cancelling a deed made by the comptroller on certain lands in Delaware county on tax sale.
It appears from the papers on this application that the relator purchased at tax sale in November, 1881, 158 acres of land, in Hardenburgh Patent, Delaware county, and that afterwards on the 5th day of January, 1884, the comptroller executed and delivered his deed therefor to relator which was duly recorded in the Delaware county clerk’s office. On the 3d of December, 1886, the comptroller gave notice to the relator of an application to redeem on the proof of occupancy by Gilbert Post of a stone quarry on said premises, on the 23d day of November, 1883, and requiring him to show cause by filing proofs on or before the 14th day of December, 1886.
On this application to redeem, proofs by affidavit were filed on behalf of the occupant, and also proofs by affidavit on the part of the relator in the office of the comptroller, and the time for filing said proofs was extended by the order of the comptroller until the lOtK day of January, 1887. On the 9th day of February, 1887, the comptroller gave notice to the relator that he had personally examined the papers on file in the case and had ordered said tax deed to be cancelled. To review this action of the comptroller the relator asks for this writ.
The comptroller objects to the issuing of this writ, on the ground that the relator has not exhausted all prior remedies given by statute, and that he should have applied to the comptroller for an order setting aside the cancellation of this deed under the provisions of chapter 120 of the Laws of 1873.
Section 1 of that act provides that: “The comptroller of the state of New York shall have power to set aside any cancellation of sale made by him under the provisions of chapter 427 of the Laws of 1885: First. Whenever such cancellation was produced by fraud or misrepresentation. *722 Second. Whenever such cancellation was produced by the-suppression of any material fact bearing upon the case. Third. Whenever the cancellation was made under a mistake of fact.”
It is difficult to conceive of a possible reason for setting aside this cancellation which would not come within one of these three grounds of review. Certainly no question could be raised before the court on certiorari which could not be raised before the comptroller on an application to him under the statute to set aside this order of cancellation; and it is no valid objection to such an application that the comptroller would be called upon to review his own decision.
The statute contemplates such a review and such a practice finds a parallel in a motion before a judge upon the minutes and exceptions taken at the trial for a new trial, a practice of daily and almost universal application. If, therefore, such a motion could be made before the comptroller, then the granting of the writ is prohibited by subdivision 3 of section 2122 of the Code of Civil Procedure.
That section prohibits the granting of this writ, where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the relator’s application. In the case of The People ex rel. Noble v. The Board of Commissioners of Pilots, 37 Barb., 126. In this case the relator claimed to be aggrieved by the action or decision of the board of commissioners of pilots; and the law allowed a rehearing before said board, but the relator instead of applying for such rehearing sued out a writ of certiorari, and the supreme court at general term in the first department unanimously held that the remedy of rehearing having been given the writ of certiorari should not be granted until such remedy has been exhausted.
Under the provisions of chapter 120 of the Laws of 1813, I think a rehearing before the comptroller could have been had. And if so, until such rehearing is had, the writ asked for is prohibited by section 2122 of the Code. If I am right in this conclusion, the examination of this . case upon the merits would be unnecessary and unprofitable.
The application for this writ of certiorari must be denied, without costs.